## In re O'SULLIVAN.

(District Court, D. Montana. July 28, 1920.)

Attorney and client ☞4—Admission of alien to bar denied.

Under a rule of the District Court that any one admitted to the state bar may be admitted to its bar, admission denied to an alien where, while the state law provides for admission to the bar of a resident alien, who has bona fide declared his intention to become a citizen, applicant's petition for admission to citizenship, six years after his declaration of intention, was denied by a state court.

On application of Emmet O'Sullivan for admission to the bar. Denied.

A. W. O'Rourke, of Helena, Mont., for petitioner.

BOURQUIN, District Judge. Applicant before the court, in his behalf the usual certificate is filed, his admission to this bar is moved, and that he is not a citizen, but only a declarant, is by one of his sponsors orally stated. The court required an affidavit of status. This filed, it now appears that applicant declared intention on June 3, 1914, and that his petition for naturalization was by a state court denied with prejudice on June 9, 1920. Other allegations are of his military service, of injustice of the state court's order, and of intent to move that the order be vacated.

The state law admits to the bar any resident alien "who has bona fide declared his intention to become a citizen." The court rules provide that any one admitted to the state bar "may be admitted" to this bar. Both require the applicant to make oath to support the Constitution. Pretermitting consideration of the policy of alien members of the bar, it is clear both law and rules contemplate (if aliens were in the mind of those who drafted the rules) that only aliens whose theretofore declared intention will in due course ripen into citizenship are to be admitted to the bar. If the declaration is annulled, lapses by limitation, as applicant's will within a year, or for any reason cannot result in citizenship, it is no basis for admission to the bar.

Applicant is of these latter categories. His declaration of intention, if not annulled by the state court's judgment, is at least rendered impotent and destroyed as a basis for naturalization. The situation is analogous to Norman's Case (D. C.) 256 Fed. 543, so far as said order

is concerned, and here, as there, such order is a judgment commanding respect. If applicant ever attains citizenship, it will be in accord with the suggestion of Norman's Case, involving a new, if any, declaration of intention.

In view of the premises, the motion to admit him to the bar of this court is denied.